IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CASE NO.: 1:13-CR-139 |
| MAURICIO WARNER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MOTION TO COMPEL DISCLOSURE OF EXCULPATORY MATERIAL OR, IN THE ALTERNATIVE, FOR AN *IN CAMERA* REVIEW OF THE GOVERNMENT'S FILES, AND FOR AN EVIDENTIARY HEARING AND BRIEF IN SUPPORT THEREOF**

**COMES NOW,** Defendant, **MAURICIO WARNER,** by and through his undersigned counsel, and respectfully moves this Court to compel the government to disclose exculpatory material in the possession of the government or, in the alternative, for an *in camera* review of the government's files, and for an evidentiary hearing. In support thereof, Defendant shows as follows:

**STATEMENT OF FACTS**

1.

On April 16, 2013, the grand jury in this district returned a multiple count Indictment (**Doc. 1**) charging Defendant with violations of Title 18, United States Code, Sections 2, 287, 1343, 1028A and 1957.  Specifically, the Indictment alleges that

Defendant knowingly obtained multiple individuals' personal identifying information and then filed tax returns on behalf of those individuals, without their knowledge and consent, and claiming refunds for which these individuals were not entitled.  See **Doc. 1**, pp. 2-3.

2.

Without any prior requests of Defendant from any Internal Revenue Service (IRS) officials for Defendant to be debriefed, in October and November, 2011, Defendant walked into the offices of the IRS at 2888 Woodstock Boulevard, Atlanta, Georgia on two separate occasions and met with IRS Special Agent Malcolm Johnson wherein Defendant was debriefed by the government regarding his filing of alleged unauthorized tax returns.  Shortly after Defendant's second meeting with Agent Johnson in November, 2011, Mr. Warner retained Attorneys Craig Gillen and Manubir Arora to represent him in these matters.  See Affidavit of Craig A. Gillen attached hereto as "**Exhibit A**" and incorporated by reference as if fully set forth herein.)

3.

Mr. Gillen discussed Defendant's case with Special Agent Johnson by telephone in November, 2011 and in January, 2012.   In his second telephone conversation with Mr. Gillen in January 2012, Agent Johnson expressed concern that Defendant allegedly was continuing to file unauthorized tax returns that fraudulently claimed tax refunds.  Agent Johnson explained to Mr. Gillen that he was going to continue to investigate Mr. Warner's activities.  Id at p.3.

4.

However, nine months later, on or about September 12, 2012, Mr. Gillen spoke with Agent Johnson by telephone wherein Agent Johnson informed Mr. Gillen that he was closing his criminal file with regard to Defendant and that any further action taken by the IRS would be a civil, rather than criminal, matter.  Mr. Gillen subsequently conveyed this information to Mr. Arora and Mr. Warner.  *Id.*

5.

On July 2, 2013, undersigned counsel sent a letter to counsel for the government outlining the above facts and specifically requesting the production of the following material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny:

- Any and all documents prepared by Agent Johnson or other law enforcement agents with regard to the IRS investigation into Mr. Warner's alleged activities, including, but not limited to, notes, memoranda of interviews, telephone records, e-mail correspondence, lists of individuals contacted by the IRS in its investigation into Mr. Warner's alleged activities, and summaries of the investigative steps taken by law enforcement in its investigation of Mr. Warner's alleged activities;

- Any and all documents received by Agent Johnson or other law enforcement agents from other individuals regarding the investigation into Mr. Warner's

activities, including, but not limited to, statements from supposed "victims" of Mr. Warner's alleged activities;

- Any and all audio and/or video recordings of conversations of/between law enforcement agents and other individuals regarding the investigation into Mr. Warner's alleged activities; and

- Any other information related to Agent Johnson's investigation into Mr. Warner's alleged activities.

*See* July 2, 2013 Letter to Counsel For The Government, attached hereto as "**Exhibit B**" and incorporated by reference as if fully set forth herein.

6.

Counsel for the government has since advised undersigned counsel that Agent Johnson denies telling Mr. Gillen that he was closing his criminal file. The government has also informed undersigned counsel that it has reviewed its file and that it has disclosed all material it believes the government is obligated to disclose under *Brady*.

## ARGUMENT AND CITATION OF AUTHORITY

The Due Process Clause requires the government to provide to Defendant, upon request, evidence that is favorable to Defendant. *Brady v. Maryland*, 373 U.S. 83 (1963). Further, the Sixth Amendment's Confrontation Clause "guarantees an *opportunity* for effective cross-examination." *Delaware v. Fensterer*, 474 U.S. 15 (1985) (emphasis in original). For a criminal defendant to have the opportunity for an effective cross-

examination of the government's witnesses, the defendant must first be provided with information and materials relevant to the witness so that the defendant's counsel can adequately prepare and have the opportunity to effectively cross-examine the government's witness. Indeed, the "primary interest secured by [the Confrontation Clause] is the right of cross-examination…no one, certainly no one experienced in the trial of lawsuits, would deny the value of cross-examination in exposing falsehood and bringing out the truth in the trial of a criminal case." *Pennsylvania v. Ritchie*, 480 U.S. 39, 66 (1987), *citing Douglas v. Alabama*, 380 U.S. 415, 418 (1965), *and Pointer v. Texas*, 380 U.S. 400, 404 (1965).

Full disclosure by the government to a criminal defendant of material that may bear on a jury's determination of guilt is essential to the integrity of the criminal justice system.

> "We have elected to employ an adversary system of justice in which the parties contest all issues before a court of law. The need to develop all relevant facts in the adversary system is both fundamental and comprehensive. The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts. **The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts**, within the framework of the rules of evidence."

*United States v. Nixon*, 418 U.S. 683, 709 (1974) (emphasis supplied).

Additionally, often "what constitutes *Brady* material is fairly debatable." *United States v. Jordan*, 316 F.3d 1215, 1252 (2003). In such cases, the government should mark the material as a court exhibit and submit it to the court for an *in camera* inspection.

*Id*.  To unilaterally rely on a prosecutor in a criminal case to review his/her files and thereafter make an objective determination as to whether a particular fact is potentially favorable to the defendant is tantamount to "appoint[ing] the fox as henhouse guard." *DiSimone v. Phillips*, 461 F.3d 181, 195 (2006).

In the instant case, Defendant has a good-faith basis to believe that after nearly a year of investigating Defendant, Agent Johnson made a determination that Defendant had not committed any criminal acts.  Agent Johnson felt strongly enough about this determination that he felt comfortable sharing it with Defendant's counsel.  While Agent Johnson may now deny having made this statement, it raises sufficient concerns about Agent Johnson's initial investigation into Defendant's activities and Agent Johnson's credibility were he to testify at Defendant's trial.  As such, Defendant is entitled to know what actions Agent Johnson took after first meeting with Defendant to investigate Defendant's activities and what was developed by Agent Johnson for him to have concluded that the criminal aspect of Agent Johnson's investigation should be concluded with no further action against Defendant.

This is not an instance where it would be sufficient for Defendant's counsel to merely impeach Agent Johnson with his prior statements at Defendant's trial.  Rather, if Agent Johnson did take investigative steps to determine that Defendant was not a criminal, Defendant and his counsel must be made aware of what those steps were so that Defendant and his counsel may conduct a similar investigation and present this evidence

to a jury.  Indeed, it is hard to fathom evidence more exculpatory than evidence which leads a law enforcement agent to determine that an individual did not commit a crime.  Therefore, Defendant respectfully requests that this Court order the government to produce the information requested by Defendant or, in the alternative, to conduct an *in camera* review of these materials to determine whether this evidence should be disclosed to Defendant.  Defendant further requests that this Court conduct an evidentiary hearing so that Defendant may question Agent Johnson and learn what steps he took and what led him to determine that Defendant's actions were not criminal.  Denying Defendant this information seriously hinders Defendant's ability to present a defense and compromises the rights guaranteed to him by the United States Constitution.

**WHEREFORE**, Defendant respectfully prays that the Court order the government to disclose the material requested by Defendant or, in the alternative, for an *in camera* review of the government's files to determine what information is favorable and should be disclosed to Defendant, and for an evidentiary hearing wherein Agent Johnson can explain the actions he took which led him to determine that Defendant's activities were not criminal.

**This, the 26th day of July, 2013.**

                Respectfully submitted,

                s/ *Howard Jarrett Weintraub*
                HOWARD JARRETT WEINTRAUB
                Georgia Bar No. 746456

        Attorney for Maurcio Warner

        *s/ Benjamin Black Alper*
        BENJAMIN BLACK ALPER
        Georgia Bar No. 940406
        Attorney for Mauricio Warner

LAW OFFICES OF HOWARD J. WEINTRAUB, P.C.
1355 Peachtree Street, N.E.
Suite 1250
Atlanta, Georgia 30309
404.892.2000 (Telephone)
404.892.2040 (Facsimile)
law@howardjweintraubpc.com
C:\HJW\Client\M\Warner\MotionForBillOfParticulars

## **CERTIFICATE OF COMPLIANCE**

This is to certify that to the best of my knowledge this document has been prepared with one of the font and point selections approved by the Court in LR 5.1B, pursuant to LR 7. Specifically, the above-mentioned document has been prepared using Times New Roman font, 14 point.

**This, the 26th day of July, 2013.**

         `          s/ *Howard Jarrett Weintraub*
                       HOWARD JARRETT WEINTRAUB
                       Georgia Bar No.: 746456
                       Attorney for Mauricio Warner

LAW OFFICES OF HOWARD J. WEINTRAUB, P.C.
1355 Peachtree Street, N.E.
Suite 1250
Atlanta, Georgia 30309
404.892.2000 (Telephone)
404.892.2040 (Facsimile)
law@howardjweintraubpc.com
C:\HJW\Client\M\Warner\CertificateOfCompliance

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>       Plaintiff, )<br>  )<br>  vs. )<br>  )  CASE NO.: 1:13-CR-139<br> MAURICIO WARNER, )<br>  )<br>       Defendant. )<br>_____ ) | |

## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that on July 26, 2013, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

   Assistant United States Attorney Stephen McClain, Stephen.McClain@usdoj.gov

   Assistant United State Attorney Thomas Krepp, Thomas.Krepp@usdoj.gov

Respectfully submitted,

/s *Howard Jarrett Weintraub*
HOWARD JARRETT WEINTRAUB
Georgia Bar No. 746456
Attorney for Mauricio Warner

LAW OFFICES OF HOWARD J. WEINTRAUB, P.C.
1355 Peachtree Street, N.E.
Suite 1250

Atlanta, Georgia 30309
404.892.2000 (Telephone)
404.892.2040 (Facsimile)
law@howardjweintraubpc.com
C:\HJW\Client\M\Warner\CertService