IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MAURICIO WARNER, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:13-CR-00139-TCB-RDC-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:24-CV-00671-TCB-RDC |

**FINAL REPORT AND RECOMMENDATION**

Movant Mauricio Warner, confined at United States Penitentiary Atlanta in Atlanta, Georgia, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 184.) This matter is before the Court for a preliminary review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases, which provides that summary dismissal is proper when the motion and the attached exhibits plainly reveal that relief is not warranted.

For the reasons stated below, it is **RECOMMENDED** that this action be **DISMISSED without prejudice**.

**I. DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner wishing to file a second or successive § 2255 motion must first move in the appropriate court of appeals for an order authorizing the district court to consider such a motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Absent such

authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion. *Jones v. United States*, 82 F.4th 1039, 1047–48 (11th Cir. 2023).

Movant was convicted in 2014 of wire fraud (Counts 1–16), in violation of 18 U.S.C. § 1343; aggravated identity theft (Counts 17–32), in violation of 18 U.S.C. § 1028A; false claims (Counts 33–48), in violation of 18 U.S.C. § 287; and money laundering (Counts 49–50), in violation of 18 U.S.C. § 1957, and he was sentenced to a total active term of 240 months of imprisonment. (Doc. 96.) In 2016, Movant filed a § 2255 motion challenging these convictions that was denied on the merits. (Docs. 120, 130, 141, 154.) In the instant § 2255 motion, Movant seeks to challenge these same convictions. (*See* Doc. 184 at 1.) In particular, he claims that he is actually innocent of his aggravated identity theft convictions and relies on a new Supreme Court case, *Dubin v. United States*, 599 U.S. 110 (2023), to argue that he is entitled to have his aggravated identity theft convictions be vacated. (*Id.* at 1–2.) He further contends that his motion, although numerically second or successive, is not second or successive for purposes of the AEDPA. (*Id.* at 2 (citing *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011)).)

However, contrary to Movant's arguments, the instant § 2255 motion is impermissibly second or successive. In *Stewart*, the Eleventh Circuit held that because a claim under *Johnson v. United States*, 544 U.S. 295 (2005), relating to the vacatur by a state court of a predicate conviction used to enhance a federal

2

sentence, did not exist at the time of the movant's first § 2255 motion, the movant's numerically second § 2255 motion raising such a claim was not "second or successive" under the AEDPA. 646 F.3d at 865; *see also id.* at 863 ("Claims based on a *factual* predicate not previously discoverable are successive, but if the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive." (brackets, ellipsis, and internal quotation marks omitted)).

*Stewart*, however, is completely inapposite to the facts of this case, as Movant does not challenge a sentence enhanced by a predicate conviction that was subsequently vacated by a state court. Instead, Movant challenges the interpretation of a federal statute—an argument that was never unavailable to him. In other words, Movant raises a question of law that falls squarely within the ambit of § 2255(h). Ultimately, his motion is indistinguishable from other motions raising claims under new Supreme Court precedent, such as those challenging enhancements that relied on the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 922(e)(2)(B)(ii). *See, e.g.*, *In re Robinson*, 822 F.3d 1196, 1197 (11th Cir. 2016) (considering an application for authorization to file a second or successive § 2255 motion filed by a prisoner sentenced under the ACCA). Those second or successive motions required prior authorization from the court of appeals, and Movant's does as well. Consequently, because Movant previously

3

filed a § 2255 motion that was denied, and because there is no indication that Movant has received prefiling authorization from the Eleventh Circuit, the instant § 2255 motion is impermissibly second or successive. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Jones*, 82 F.4th at 1047–48. Thus, this Court may not consider the motion, and the motion is subject to dismissal for lack of jurisdiction.

## II.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

It is **RECOMMENDED** that a certificate of appealability be **DENIED** because resolution of the issues presented is not debatable. If the District Judge adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

### III. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 1st day of March, 2024.

_____
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE