# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

MAURICIO WARNER,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

CRIMINAL ACTION FILE

NO. 1:13-cr-139-TCB

## O R D E R

This case comes before the Court on Magistrate Judge Cannon's Final Report and Recommendation ("R&R") [185], which recommends dismissing Petitioner Mauricio Warner's 28 U.S.C. § 2255 motion as impermissibly successive. Petitioner filed objections [188] to the R&R.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The

district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

Petitioner objects to the R&R's recommendation that his § 2255 motion be dismissed without prejudice as impermissibly successive, contending that his most recent § 2255 motion presents a new claim

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate judge's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate judge's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

under *Dubin v. United States*, 599 U.S. 110 (2023) that was not previously available to him and is thus not a successive motion. He also argues that § 2244(b)(3)(A)'s bar on successive § 2255 motions does not apply to motions under § 2255 because § 2255 is not explicitly mentioned in the text.

The Court finds that Petitioner's objections lack merit.

Magistrate Judge Cannon concluded that Petitioner improperly relied on *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011), for the contention that his most recent § 2255 motion was not successive. Magistrate Judge Cannon explained that *Stewart* is inapposite because Petitioner's motion raises a question of law (an interpretation of a federal statute) that was available to him at the time he filed his first § 2255 motion.

Petitioner objects on the grounds that *Dubin* created a new claim that was unavailable to him until the opinion was filed on June 8, 2023. The Court disagrees. Petitioner is using *Dubin* to argue that he is entitled to have his aggravated identity theft convictions vacated. But the creation of new Supreme Court precedent does not automatically allow a Petitioner to bring claims that were available to them when his

first § 2255 motion was filed. Rather, the Eleventh Circuit only authorizes successive filings when the successive motion "is based on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *In re Robinson*, 822 F.3d 1196, (11th Cir. 2016) (quoting 28 U.S.C. § 2255(h)(2)); *Barbary v. United States*, 769 F. App'x 888, 889 (11th Cir. 2019) ("[The Eleventh Circuit] may grant such authorization only if the § 2255 motion contains a claim involving either newly discovered evidence demonstrating factual innocence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court." (citing 28 U.S.C. §§ 2244(a), (b)(3)(C), 2255(h))). As the R&R explains, Petitioner is challenging "the interpretation of a federal statute that was never unavailable to him." [185] at 3. Therefore, his second motion is considered successive and requires him to apply for and receive permission from the Eleventh Circuit.

The Court disagrees with Petitioner's objection that the text of § 2244(b)(3)(A) applies only to § 2254 motions. Petitioner contends that at least three circuit courts agree with his argument but fails to specify which circuit courts fall on that side of the purported split. Regardless,

the Eleventh Circuit has expressly held that "[w]hen a § 2255 movant previously has filed a § 2255 motion, he must apply for and receive permission from [the Eleventh Circuit] before filing a second or successive § 2255 motion." *Barbary*, 769 F. App'x at 889 (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)). Petitioner has failed to apply for permission to file his second § 2255 motion, so "the district court lacks jurisdiction" to address his motion. *Id.*

Having found the objections lack merit, the Court adopts as its Order the R&R [185].

For the foregoing reasons, this action is dismissed without prejudice and a certificate of appealability is denied.

IT IS SO ORDERED this 4th day of April, 2024.

Timothy C. Batten, Sr.
Chief United States District Judge

5